IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| ANDREW MALON, *individually and on behalf of all others similarly situated*, Plaintiff, | ) ) ) ) |
| v. | ) Civil Action No. 3:14cv671 (HEH-RCY) |
| FRANKLIN FINANCIAL CORPORATION, *et al.*, Defendants. | ) ) ) ) ) |

**MEMORANDUM OPINION**

This matter comes before the Court for resolution of non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) on Plaintiff Andrew Malon's Motion for Expedited Discovery and Expedited Proceedings. (ECF No. 4). Having reviewed the parties' submissions, the Court GRANTS in part and DENIES in part Plaintiff's motion, for the reasons set forth below.

**I. BACKGROUND**

Plaintiff, a shareholder of Franklin Financial Corporation ("Franklin"), challenges a proposed transaction wherein TowneBank will acquire all outstanding shares of Franklin in a stock-for-stock transaction (the "Proposed Transaction"). Defendants, Franklin, Franklin Federal Savings Bank, Franklin's Board of Directors ("the Board"), and Townebank, support the Proposed Transaction. On October 24, 2014, Franklin filed a Definitive Proxy Statement ("Proxy") with the SEC. (Pl.'s Reply Mem. in Further Supp. of Pl.'s Mot. for Expedited Disc. and Expedited Proceedings ("Pl.'s Reply Mem.") ECF No. 24, att. 2, Definitive Proxy Statement ("Proxy") ECF No. 24-2). In the Proxy, the Board unanimously recommended that Franklin shareholders vote in

favor of the Proposed Transaction at a shareholder meeting to be held on December 3, 2014. (Proxy at 3, 6).[1]

Plaintiff specifically alleges, *inter alia*, that Defendants violated federal securities law by providing false, misleading, and incomplete information in the Proxy. (Pl.'s Am. Class Action and Derivative Compl. for Breach of Fiduciary Duties and Individual Claims for Violations of the Fed. Sec. Laws ("Am. Compl.") ECF No. 17, at 32-37). Plaintiff argues that the information in the Proxy will lead to a misinformed shareholder vote that will irreparably harm Franklin and its shareholders. (Am. Compl. at 32). Plaintiff now seeks expedited discovery to prepare for the shareholder vote and an anticipated motion for a preliminary injunction. (Pl.'s Mem. in Supp. of Pl.'s Mot. for Expedited Disc. and Expedited Proceedings ("Pl.'s Mem.") ECF No. 5, at 22-23). Defendants argue, *inter alia*, that Plaintiff has not made a strong showing on the merits of his federal securities law claims, and that Plaintiff has not met the requirements for expedited discovery. (The Franklin Defs.' Br. In Opp'n to Pl.'s Mot. For Expedited Disc. ("Franklin Defs.' Mem.") ECF No. 16, at 21; TowneBank's Mem. in Opp'n to Pl.'s Mot. For Expedited Disc. ("TowneBank's Mem.") ECF No. 15, at 7). The matter is now before the Court for resolution of non-dispositive matters on Plaintiff's Motion for Expedited Discovery and Expedited Proceedings. (ECF No. 4).

## II. THE PRIVATE SECURITIES LITIGATION REFORM ACT DISCOVERY STAY

The Private Securities Litigation Reform Act ("PSLRA") provides that discovery in federal securities litigation "shall be stayed during the pendency of any motion to dismiss." 15 U.S.C. § 78u-4(b)(3)(B). Because Defendants have filed Motions to Dismiss (ECF Nos. 27, 30), to prevail on his motion, Plaintiff must first demonstrate that the Court should lift the mandatory PSLRA

---

[1] Proxy page numbers refer to ECF pagination.

discovery stay. The Court may lift the stay if "particularized discovery is necessary to preserve evidence or to prevent undue prejudice [to Plaintiff]." 15 U.S.C. § 78u-4(b)(3)(B).

Having reviewed the parties' submissions, the Court agrees with Defendants that, in their current form, Plaintiff's requests are overly broad and not sufficiently particularized. Plaintiff initially made ten requests for production and sought four depositions. (Pl.'s Mem. at 26-28.)[2] Given the volume and scope of these discovery requests, the Court cannot find that such requests are particularized. Nonetheless, while Plaintiff's requests are overly broad, the Court agrees with Plaintiff that some particularized discovery is both necessary and appropriate in contemplation of the upcoming shareholder meeting and motion for a preliminary injunction. *See ForceX, Inc. v. Tech. Fusion, LLC*, No. 4:11cv88, 2011 WL 2560110, at *5 (E.D. Va. June 27, 2011) ("Motions for expedited discovery are routinely considered either during a court's consideration of motions for a preliminary injunction or temporary restraining order, or directly before such motions in order to prepare for a preliminary injunction argument."). The Court, therefore, reduces the scope of expedited discovery to the classes of documents listed below and finds that the PSLRA's particularity element is satisfied.

For the Court to lift the PSLRA stay, Plaintiff must also demonstrate that he will suffer undue prejudice if the Court does not lift the stay. Courts generally consider undue prejudice to be "something less than irreparable harm." *Benbow v. Aspen Technology, Inc.*, No. Civ.A. 02-2881, 2003 WL 1873910, at *4 (E.D. La. Apr. 11, 2003); *see also, e.g., Med. Imaging Ctrs. of Am., Inc. v. Lichtenstein*, 917 F. Supp. 717, 720 (S.D. Cal. 1996) ("This 'undue prejudice' standard is . . . something less than 'irreparable harm.'"). In circumstances that render monetary damages an inadequate remedy, courts usually will find that harm is irreparable. *See Multi-Channel TV Cable Co. v. Charlottesville Quality Cable Operating Co.*, 22 F.3d 546, 551-52 (4th Cir. 1994)

---

[2] Plaintiff later altered his request and now seeks only two depositions. (Pl.'s Reply Mem. at 11).

("[I]rreparable injury is suffered when monetary damages are ... inadequate.") (citation omitted) (internal quotation marks omitted), *abrogated on other grounds by Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008); *see also Bethesda Softworks, L.L.C. v. Interplay Entm't Corp.*, 452 F. App'x 351, 353-54 (4th Cir. 2011) (unpublished) (discussing irreparable harm in the context of preliminary injunctions); *cf. Hughes Network Sys., Inc. v. InterDigital Comm. Corp.*, 17 F.3d 691, 694 (4th Cir. 1994) ("Where the harm suffered by the moving party may be compensated by an award of money damages at judgment, courts generally have refused to find that harm irreparable."). Therefore, if monetary damages are inappropriate, Plaintiff will suffer not only undue prejudice, but also irreparable harm.

The Supreme Court has stated that "in corporate control contests the stage of preliminary injunctive relief, rather than post-contest lawsuits, is the time when relief can best be given." *Piper v. Christ-Craft Indus., Inc.*, 430 U.S. 1, 42 (1977). In the present case, Plaintiff brings his claims as part of an attempt to enjoin a corporate merger. Therefore, discovery in anticipation of a motion for a preliminary injunction is appropriate as that is the stage during which Plaintiff's "relief can best be given." *Id.*

Given the imminent shareholder vote on the Proposed Transaction and Plaintiff's anticipated motion for a preliminary injunction, the Court finds that Plaintiff will suffer not only undue prejudice, but irreparable harm if the PSLRA stay is not lifted. Therefore, the Court lifts the PSLRA stay.

### III. EXPEDITED DISCOVERY

When determining whether expedited discovery is appropriate, this Court has considered "the elements of a strong showing of merits and irreparable harm to the Plaintiff." *ForceX*, 2011 WL 2560110, at *5. Without ruling on any dispositive matters, the Court finds that Plaintiff has

made a sufficiently colorable claim under Section 14(a) of the Securities and Exchange Act and SEC Rule 14a-9 to justify limited expedited discovery.

Rule 14a-9 prohibits proxy statements from "omit[ting] any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. 240.14a-9(a). Further, the Supreme Court has stated that, under Rule 14a-9, a fact omitted from a proxy statement is material if there is "a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the 'total mix' of information made available." *TSC Indus., Inc. v. Northway, Inc.*, 426 U.S. 438, 449 (1976). Having considered the parties' filings, the Court finds that the documents sought by Plaintiff could likely alter the "total mix" of information available to shareholders considering the Proposed Transaction. Therefore, having already determined that Plaintiff has made a showing of irreparable harm, the Court finds that limited expedited discovery is appropriate.

## IV. SCOPE OF DISCOVERY

Despite having determined that the PSLRA discovery stay should be lifted and that expedited discovery is appropriate, the Court agrees with Defendants that Plaintiff's discovery requests are overly broad. The Court, therefore, will limit expedited discovery to the following classes of documents:

(1) All indications of interest, offers, or proposals received in connection with a sale, merger, go-private, take-private, reverse stock split transaction, or other strategic alternatives of Franklin;

(2) Minutes of Franklin Board and committee meetings concerning: (i) the Proposed Transaction and the contemplated, proposed, or intended corporate governance structure of Franklin and Townebank following the Proposed Transaction; (ii) Franklin's strategic alternatives and business plans; (iii) valuation analyses and projections of Franklin (the relevant period for projections shall be from June 1, 2013 through the date of production); and (iv) the decision to retain Keefe, Bruyette & Woods, Inc. ("KBW") in connection with the Proposed Transaction;

(3) All books, presentations, handouts, and other materials (including drafts) prepared, or presented by KBW concerning: (i) a potential sale or merger of Franklin, including the Proposed Transaction, the contemplated, proposed, or intended corporate governance structure of the entities surviving any proposed merger or acquisition; (ii) TowneBank and any other potential acquirer or strategic partner; (iii) Franklin's strategic alternatives and business plans; and (iv) valuation analyses and projections of Franklin (the relevant period for projections shall be from June 1, 2013 through the date of production);

(4) All books, presentations, handouts, and other materials (including drafts) prepared or presented by Franklin management to any Board member, financial advisor, or proposed acquirer or strategic partner concerning a potential sale or merger of Franklin, including the Proposed Transaction, Franklin's strategic alternatives and business plans, projections of Franklin; and,

(5) All confidentiality, standstill, voting, equity award, equity roll-over and employment agreements entered into or contemplated by Franklin (including agreements entered into by any Franklin director, officer, employee, or agent) in connection with the Proposed Transaction.

Because the Court finds that the PSLRA stay should be lifted and that Plaintiff is entitled to limited expedited discovery, the Court GRANTS in part and DENIES in part Plaintiff's Motion for Expedited Discovery and Expedited Proceedings. (ECF No. 4).

Let the Clerk file this Opinion electronically and notify all counsel accordingly.

/s/
Roderick C. Young
United States Magistrate Judge

Richmond, Virginia
Date: November 6, 2014